## DREW *v.* WILLINGHAM SASH AND DOOR COMPANY.

The mere fact that the drawee of an order or draft paid the same does not conclusively establish the proposition that at the time of making payment he was indebted to the drawer the amount named in such order or draft, or estop the drawee from proving that, at that time, he was actually indebted to the drawer in a less amount, or not indebted to him at all.

Argued May 8, — Decided May 24, 1901.

Garnishment.　Before Judge Smith.　Irwin superior court. October 23, 1900.

*D. B. Jay*, for plaintiff in error.
*Hal Lawson, L. Kennedy*, and *Eldridge Cutts*, contra.

LUMPKIN, P. J.　At the instance of the Willingham Sash and Door Company, a judgment creditor of M. W. Cooper, H. C. Drew was called upon as garnishee to answer what he was indebted to the defendant in execution.　Drew answered, admitting an indebtedness of $3.45 to Cooper.　The answer was traversed, and on the trial of the issue thus formed the court directed a verdict in favor of the plaintiff for $166.16.　It appears from the record that the plaintiff duly established the fact that Cooper was indebted to it upon certain judgments issued from a justice's court.　The plaintiff also put in evidence an agreed statement of facts, signed by its counsel and also by counsel for the garnishee, from which it appeared that, after the service of the process of garnishment upon Drew, he had paid certain orders, amounting to $166.16, which had been drawn upon him by Cooper.　The plaintiff then closed, and the garnishee offered in evidence a building contract between himself and Cooper, and also certain receipts showing payments made by Drew to Cooper on that contract prior to the service of the garnishment.　This contract and these receipts were, on objection by the plaintiff, excluded on the ground, among others, that they were

irrelevant. The garnishee thereupon offered to prove by the testimony of himself and Cooper that, in point of fact, the former was not, at the time service was perfected upon him, indebted to the latter in an amount greater than $3.45. This testimony was rejected on the ground that it contradicted the garnishee's admissions embraced in the agreed statement of facts. The garnishee sued out a bill of exceptions alleging error in excluding the evidence above mentioned, and in directing the verdict.

There was no error in rejecting the contract and receipts. Manifestly, they had no probative value as original evidence, for they contained nothing which could in any possible view affect or bind the plaintiff. It was, however, clearly erroneous to refuse to allow Drew to prove by the testimony of himself and Cooper that, when served with the garnishment process, the former's actual indebtedness to Cooper was only $3.45. Ordinarily, the admissibility of such testimony could not for a moment be questioned. It seems that the court excluded it on the idea that to admit it would be to, allow Drew to contradict a solemn admission in judicio. If he had made such an admission to the effect that he actually owed Cooper a given amount of money at a given time, he would not be heard to deny its truth. But, as will have been seen, there was no such admission. The admission actually made was that Drew paid orders drawn upon him by Cooper, amounting to so much. While his so doing might be regarded as a circumstance indicating indebtedness to Cooper, it surely did not conclusively establish the actual existence of such indebtedness. Obviously, it was the right of Drew to show by any competent evidence the real truth of the matter. If mere payment by one of an order or draft drawn upon him were to be regarded as establishing beyond dispute that the drawee was, at the time of payment, indebted to the drawer in the amount paid, it would certainly be a dangerous thing for one person to extend credit to another by honoring paper of that character. For instance, should a bank pay an overdraft, and subsequently bring suit for the money, the defendant could, if the ruling under review be correct, plead payment, and conclusively establish his plea by showing merely that his check was honored on presentation. *Judgment reversed. All the Justices concurring.*