304

23766. WASHINGTON NATIONAL INSURANCE COMPANY et al.
v. PHINIZY.

MacINTYRE, J. This suit was for the premiums paid by the plaintiff on a policy of accident insurance since May 15, 1921, the day on which the policy was issued and the first premium paid by him. He set up that the defendants had wrongfully and in bad faith cancelled the policy, at a time when he was not in arrears in the payment of any premiums and while he had pending a claim under the policy. The jury returned a verdict for the plaintiff for the full amount sued for. The policy sued on contained the following provisions: "The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto. . . The acceptance of any renewal premium shall be optional with the company." The premiums were paid monthly, and kept the policy in force for one month, after which time, unless the premium was paid within the grace period (five days), the policy would lapse at the option of the company. The evidence showed that upon receipt of a premium from the insured, after the lapse of the policy, the defendant company wrote a letter to the insured to the effect that it was cancelling the policy and refusing the renewal premium and returned to him in such letter a check to cover such premium. *The pending claim of the plaintiff was paid by the defendants.* The defendants moved for a new trial, which was overruled, and to this judgment exceptions were taken. *Held:* The policy of accident insurance involved in this case was a term accident policy, which could be cancelled by the insurer as provided therein, and the acceptance of a renewal premium was entirely optional with the company. The policy had no paid-up insurance value, cash-surrender value, or extended-insurance value. In these circumstances, upon a cancellation of the policy by the insurance company and its refusal to accept a renewal premium, as provided in the policy, an action by the insured for the earned premiums paid by him on the policy would not lie, and, under the decisions of this court in *National Life & Accident Ins. Co.* v. *Chastain,* 46 *Ga. App.* 842 (169 S. E. 380) ; *Hall* v. *Provident Life & Accident Ins. Co.,* 48 *Ga. App.* 359 (172 S. E. 721), a verdict against the insured was demanded, and the court erred in overruling the insurer's motion for a new trial.

Judgment reversed. *Broyles, C. J., and Guerry, J., concur.*
DECIDED JUNE 26, 1934.

*Bright, Theus & Brannen, George G. McCoy, Chauncey Middlebrooks,* for plaintiffs in error.