28084.   CURTIS *et al. v.* GIRARD FIRE AND MARINE INSURANCE COMPANY.

DECIDED FEBRUARY 24, 1940.   REHEARING DENIED MARCH 6, 1940.

*Q. L. Bryant, Smith & Smith,* for plaintiffs.

*Smith, Smith & Bloodworth, Estes Doremus, M. F. Adams,* for defendants.

SUTTON, J.   This was a suit upon a policy issued to C. F. Curtis,

insuring him against several perils, including fire, to an automobile, with a loss-payable clause in favor of the coplaintiff, Farmers & Merchants Bank of Eatonton. The defendant pleaded that during the period of the insurance Curtis executed and delivered to Annie M. Curtis a bill of sale, conveying the insured automobile as security for a debt, that no part of the debt had been paid, and that thereby the policy was voided by reason of certain provisions thereof, as follows: "Liens or encumbrance. Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D of this policy, this company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance. Title and ownership: Except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added thereto, if the interest of the assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, or if the subject of this insurance has ever been stolen or unlawfully taken prior to the issuance of this policy and not returned to the lawful owner prior to the issuance of this policy, or in case of transfer or termination of the interest of the assured other than by death of the assured, or in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise, or if this policy or any part thereof shall be assigned before loss." There was no agreement in writing added to the policy in respect of the bill of sale. The policy also contained the following provision: "Any and all provisions of this policy which are in conflict with the statutes of the State wherein this policy is issued are understood, declared, and acknowledged by this company to be amended to conform to such statutes." It was admitted that the policy was issued in Georgia.

The plaintiffs introduced the policy sued on, a copy of which was attached to the petition, including the provisions above quoted. They proved the burning of the automobile, the loss and damage caused thereby, the timely giving of notice and furnishing of proofs of loss, and that the plaintiff bank was transferee of a contract, referred to in the policy, retaining title to the insured auto-

mobile as security for the purchase-money, which exceeded the loss and damage by the fire. The defendant proved the execution and delivery of the bill of sale to secure debt, and that no part of the debt had been paid, as specially pleaded and above mentioned. On motion of the defendant the court directed a verdict in its favor, on the ground that the execution and delivery of the bill of sale voided the policy under the provisions specially pleaded and set out above. The plaintiffs excepted, and they contend that the giving of the bill of sale did not void the policy under the provision last above quoted, and Code, § 56-825, which declares: "An alienation of the property insured and a transfer of the policy, without the consent of the insurer, shall void the policy; but the mere hypothecation of the policy, or creating a lien on the property, shall not void the policy." It is conceded that but for the provision with respect to any conflict between the other provisions of the policy and the Code section above quoted, the judgment should be affirmed, inasmuch as under such other provisions the giving of the bill of sale to secure a debt was a violation of the policy agreement; but the plaintiffs contend that such other provisions are in conflict with the Georgia statute and come within the purview of the provision which amends the forfeiting provision to conform to the Code, § 56-825, which, it is averred, becomes substituted for the conflicting provisions of the policy; and that it follows that the giving of the bill of sale was not a violation of the policy provisions as thus amended.

We think that a proper construction of the words, "Any and all provisions of this policy which are in conflict with the statutes of the State wherein this policy is issued" etc., is that the provisions become "amended to conform to such statutes" only in case they are in violation of or are prohibited by a statute of this State. The Code, § 56-825, does no more than provide that "an alienation of the property insured and a transfer of the policy, without the consent of the insurer, shall void the policy" and that "the mere hypothecation of the policy, or creating a lien on the property, shall not void the policy." It does not prohibit the insurer from contracting for benefits which would not be contrary to public policy. Notwithstanding the fact that the principles of law embodied in this Code section have been in force since the adoption of the Code of 1863, the appellate courts of this State have in

numerous cases upheld the right of the insurer to avoid liability under a policy which contained forfeiting provisions which were not included in any statute of this State but which were not repugnant to its public policy. The Code, § 56-825, does not prohibit an insurer from making its liability conditioned on such provisions as appear in the present policy; and since they are not in conflict with the statute, the clause relied on by the plaintiffs as making them conform to the statute did not come into operation. Under the policy, the conveyance of title by bill of sale to secure a loan which was unpaid at the time of the damage to the insured property voided the policy. Under the law and the evidence the court did not err in directing the verdict for the defendant, and in entering judgment accordingly. *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233, 237 (188 S. E. 24), cited and relied on by the plaintiffs, is distinguishable from the present case, in that the rider attached to the policy recited that the contract of insurance "is written in pursuance of and is to be construed in accordance with the" statute, and the policy itself recited that it is "amended to conform to the requirements" of the law of this State. Such provisions did not depend for their effectiveness upon any contingency, and by them the policy was in all respects made to conform to the law of this State; whereas under the present policy the forfeiting provisions were not amended to conform to the statute unless in conflict therewith, which, as we construe the expression, means prohibited by such statute. *Judgment affirmed. Felton, J., concurs.*

STEPHENS, P. J., concurs in the judgment.