### 37341. RABB *v.* MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION.

TOWNSEND, Judge. 1. "After a valid contract of insurance has been effectuated, the right of either party to cancel it at pleasure can accrue only in three ways: 1. By a concurrent agreement with the other party to that effect. 2. By a previous reservation of the right in the policy itself. 3. By statutory provision permitting it." *Prudential Ins. Co.* v. *Ferguson,* 51 *Ga. App.* 341, 346 (180 S. E. 503). Reservation of such right in the company should be strictly construed, but where the language is plain and unambiguous it must be given its reasonable intendment in accordance with the intention of the parties.

2. (*a*) "Where a policy of insurance is for a term only, and at a designated premium per month for such other periods as may be provided for in agreements of renewal, and provides that 'the acceptance of any renewal premium shall be optional with' the insurer, the insured has no contract right to a renewal of the policy beyond the term originally stated, and can not renew it beyond the expiration of any renewal period which may have been agreed upon, by a payment in advance of the monthly premium, although made in accordance with the provisions of the policy, where the insurer refuses payment, returns the money, and refuses to renew the policy. A failure of the insurer in such a case to accept the payment and to renew the policy does not amount to a repudiation or violation of the contract of insurance." *Hall* v. *Provident Life &c. Ins.*

*Co.*, 48 *Ga. App.* 359 (172 S. E. 721). See also *Mass. Bonding & Ins. Co.* v. *McConnel*, 50 *Ga. App.* 87 (176 S. E. 911); *Washington Nat. Ins. Co.* v. *Phinizy*, 49 *Ga. App.* 304 (175 S. E. 387).

(*b*) An exception to this rule of course exists where a loss has occurred as to which a claim is pending or will be pending within the time limited in the policy for filing it, since the insurer cannot take advantage of a cancellation clause or an option-to-terminate clause in a policy so as to rid itself of an accrued liability. This rule of law explains and distinguishes *National Life Ins. Co.* v. *Jackson*, 18 *Ga. App.* 494 (2) (89 S. E. 633) relied upon by the plaintiff in error, for it was there held that even though an option-to-terminate clause existed in a combined life and health policy, the company was estopped to refuse to accept the monthly premium payment so as to relieve itself of liability for the death of the insured who had contracted a fatal illness during the time payments were made and accepted.

3. The policy in question contained the provision: " (c) This policy is issued on consideration of the statements made by the insured in the application and the payment in advance of $23 as first payment; and the payment in advance of premiums of $13 quarterly of $52 annually thereafter, beginning with December 1, 1932, is required to keep this policy in continuous effect. If any such dues be unpaid at the office of the Association in Omaha, Nebraska, this policy shall terminate on the day such payment is due. The acceptance of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of the Association, it may call for the difference as required. The mailing of notices to the insured at least 15 days prior to the date they are due shall constitute notice of dues. (d) The term of this policy begins at 12 o'clock noon, standard time, on date of delivery to and acceptance by the insured against accident and on the 31st day thereafter against disease and ends at 12 o'clock noon on date any renewal is due, unless premium is paid on or before date due." By endorsement was added the following: "Non-cancellable endorsement. The Association cannot cancel this policy for any period for which the premium has been paid."

(*a*) The policy provision, "The acceptance of any premium on this policy shall be optional with the Association" is not, either

alone or in context, so ambiguous and uncertain as to allow this court by construction to take from the defendant the plain right which it reserved to itself, in this term insurance policy, of refusing any renewal premium offered by the plaintiff and promptly returning it to him with the notice that it did not intend to make any further renewal of the policy. The mere fact that the plaintiff had reached an age where it would be difficult or impossible for him to obtain similar insurance would not work an estoppel on the company, he having no pending claim at the time. Identical language has been similarly construed in well reasoned opinions in Ray v. Mutual Benefit Health & Accident Assn. (Mo.) 220 S.W. 2d 622; Mutual Benefit Health & Accident Assn. v. Cohen, 194 Fed. 2d 232. A contrary conclusion was reached in Harwell v. Mutual Benefit Health & Accident Assn., 207 S.C. 150 (35 S. E. 2d 160, 161 A. L. R. 183) only because these provisions *in connection with* an increase in death benefits provision proportioned to the length of time the insured had held the policy, printed in very large type on the first page, was held to be so inconsistent as to result in ambiguity in the policy provisions so as to authorize a verdict in favor of the insured. Because of the difference in policy provisions, the arguments advanced in the Harwell case cannot apply to the policy here under construction.

(b) As to the endorsement providing, "The Association cannot cancel this policy for any period for which the premium has been paid," we agree with the decision in Mutual Benefit Health & Accident Assn. v. Caver, 169 Miss. 554 (152 So. 897), which, construing the endorsement in connection with the option clause, held: "It will be noted from the quoted clauses from the policy that the insurance company reserved the right to decline to accept any premium on any premium date. The rider merely provides that the insurance policy could not be cancelled for any period for which the premium was paid. Its language does not purport to compel the insurance company to receive premiums at the due date. It is not entirely inconsistent with the terms of the policy to give the insurance company the option to receive any premium." Although the exercise of the right to refuse to renew is so akin to the right to cancel that the terms are sometimes intermingled, there is nothing contradictory, when applied to term insurance, in the contract retaining to the insurer the privilege of not renewing

while at the same time not allowing it the right to cancel and return a premium or part of a premium which has been paid to and accepted by it.

(c) As to that part of the insurance contract here which provides that the policy shall terminate at 12 o'clock noon on the date any renewal is due "unless premium is paid on or before the date due," it appears from the policy provisions and correspondence in connection therewith that a quarterly payment was due on September 1, 1957. It further appears that the payment tendered by the plaintiff was a check dated September 4, 1957, and this exhibit, being the more specific, will take precedence over the general allegation in the petition that the plaintiff had "paid all premiums on or before their due date."

The petition, which alleged wrongful cancellation of the plaintiff's insurance policy and sought to recover as damages premiums paid over the entire life of the policy with interest thereon, was subject to general demurrer for the reasons hereinabove stated, and the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 18, 1958.

*R. H. Jones,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, W. Hale Barrett,* contra.