LOTTINGER, Judge.'
This is a suit filed by petitioner, O. G. Price, against the defendant, Mutual Benefit Health and Accident Association, referred tO’ as “Mutual of Omaha”. The suit is to require the defendant to accept annual premiums on a certain insurance policy issued to petitioner or, in the alternative, for a judgment in the amount of $5,819, which sum includes damages as well as premiums paid by petitioner. The Lower Court awarded judgment in favor of defendant and dismissed petitioner’s suit. The petitioner has tajeen this appeal.
The evidence in the records consists of a joint stipulation of facts as well as certain documents which were introduced by the respective parties. Briefly, the record discloses that on February 5, 1941, in response to an application by the petitioner, the defendant issued petitioner a policy of health and accident insurance. At the time, the petitioner was 54 years of age and was employed as county agent with the Louisiana Department of Agriculture. On September 20, 1958 the petitioner submitted a claim against his said policy, and in his claim form he stated, in effect, that he was retired and drawing Social Security benefits. After receipt of this information, on October 29, 1958 the defendant wrote peti *125 tioner advising him that they would discontinue the income protection policy and afford him a conversion to another type of policy. After receipt of this letter the petitioner forwarded the defendant his check in the amount of $44, same being the annual premium from December 1, 1958 to December 1, 1959. The defendant company refused to accept this check and this suit has resulted.
The question for decision herein as determined by the Lower Court and as agreed by the respective counsel is whether or not the insurer had the right to cancel the policy in question. The policy provides, in broad writing, at the top of the page thereof, as follows:
“This policy provides benefits for loss of life, limb, sight or time, by accidental means, or loss of time by sickness as herein provided.”
The first paragraph of the said policy provides that the company does thereby insure Oscar Gibson Price, the petitioner herein “ * * * against loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries sustained during any term of this Policy through purely Accidental Means (Suicide, sane, or insane, is not covered), and against loss of time beginning while this Policy is in force and resulting from disease contracted during any term of this Policy, respectively, subject, however, to all the provisions and limitations hereinafter contained.”
There was no claim pending on the policy at the time of the cancellation thereof. There is furthermore no cancellation clause contained in the policy. The policy contains provisions for certain indemnities for specific losses which were caused by accidental means. Included among these losses is the loss of life, for which the policy provides the “principal sum” of $5,000 would be paid. The policy further provides for accident disability benefits as well as sickness disability benefits at the rate of $100 per month. There is nothing whatsoever in the policy which would provide for any payment because of death due to natural causes or illness.
It certainly appears to this Court that the policy herein sued upon is simply a health and accident policy, which policy was issued by Mutual Benefit Health and Accident Association. The Insurance Code gives as an optional provision for insertion in health and accident insurance policy as set forth in LSA-Revised Statutes 22:213, Subsection B(7), the following:
“The insurer may cancel this policy at any time by written notice delivered to the insured, or mailed to his last address as shown by the records of the insurer, and shall refund the pro rata unearned portion of any premium paid. Such cancellation shall be without prejudice to any claim originating prior thereto. The insured may likewise cancel this policy on the above terms.”
In defining health and accident insurance, the Insurance Code defines health and accident insurance in Subsection (2) of LSA-Revised Statutes 22:6 as follows:
“Health and accident. Insurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto.”
Based upon the definition of health and accident insurance as provided in LSA-R.S. 22:6, as well as the first paragraph of the said policy, both of which are quoted above, there is no question in our minds-that the policy before us is a health and accident insurance policy under the provisions of the Louisiana Insurance Code. However, we believe that the Lower Court erroneously held that such a policy is can-cellable under the provisions of LSA-R.S. 22:213, Subsection B(7). The Subsection merely gives an option to the company to-insert a cancellation clause in its policy, and under said section, we feel that it is *126 still possible for said company to issue a policy of health and accident insurance which is not cancellable.
In spite of all the above it appears to us that a decision of this matter should resolve around paragraph (d) of “Additional Provisions” as contained in the policy. Said paragraph reads as follows:
“The copy of the application attached hereto is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Sixteen ($16.00) Dollars, as first payment, and the payment in advance, and acceptance by the Association, of Premiums of Eleven ($11.00) Dollars quarterly thereafter, beginning June 1, 1941, is required to keep this policy in continuous effect. The mailing of notice to the last mailing address given the Association by the Insured, at least fifteen days prior to the date they are due, shall constitute full requirement of any notice of dues that may be required by law, and should the premium herein be insufficient to meet the requirements of the Association, it may call for additional premium. In case of lapse, no special reinstatement fee shall be charged but any fractional part of a calendar month remaining after the day of reinstatement shall be paid for as for a full month.” (Italics ours)
Under the provisions of the policy as immediately above quoted, the policy is to be kept in continuous effect by the payment in advance, and acceptance by the company, of the stipulated premiums every quaiter. Thus, the policy, for all practical purposes, might be said to be one which is renewable from term to term upon payment of the premiums by the insured, and acceptance of the premiums by the insurer. Under the provisions of the said clause it is not our opinion that the policy was cancelled by the defendant, but, on the contrary, it appears clear to us that the policy simply was not renewed by the company. The provisions of LSA-R.S. 22:213, Subsection B(7), grants to the company the right of inserting a cancellation clause in a policy, which insertion clause provides the method of cancellation during the term, as distinguished from cancellation at the end of the term, otherwise it would not be necessary to provide for refund of the unearned portion of any premium paid.
The record discloses that petitioner was paying premiums on a yearly basis, from December 1st of one year to December 1st of the following year. Upon paying his premiums due for the period commencing December 1, 1958, the defendant refused to accept said premium and returned it to defendant together with a letter saying the policy was being discontinued. There were no claims pending by the petitioner against the defendant at the time that the policy was discontinued. It appears to us that the company, under the provisions of the policy, had a right to discontinue same at the end of each term thereof, and that the petitioner’s suit must fail.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs to be paid by petitioner.
Judgment affirmed.