Walter WEBER, Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, Defendant.

Civ. No. 62–114.

United States District Court
D. Oregon.
Feb. 28, 1963.

2. LSA-R.S. 22:658.

# 106

Howard R. Lonergan, Portland, Or., for plaintiff.

Curtis W. Cutsforth, Portland, Or., for defendant.

KILKENNY, District Judge.

On June 23, 1943 defendant issued to plaintiff a policy of insurance [1]. Plaintiff claims that on or about December 8, 1956 while the policy was in full force and effect, defendant learned that plaintiff was suffering from an illness which might enable the plaintiff to claim benefits under the policy and that defendant thereupon represented to plaintiff that the policy was in fact term insurance, cancellable by defendant and that said policy would be continued in effect only if the plaintiff consented to the elimination of benefits for disability from hernia, heart or circulatory trouble. Thereafter defendant placed a rider on the policy which eliminated benefits for said disabilities. Subsequent to that date, the plaintiff claims, he became disabled with a circulatory ailment. He charges that such misrepresentations were false and fraudulent, all to plaintiff's damage.

The cause is before the Court on defendant's Motion for Summary Judgment pursuant to Rule 56(b) F.R.Civ.P. For the purposes of this Motion the essential facts are not in dispute.

Plaintiff contends that defendant at the time of the said representation well knew that past Court decisions had held this type of policy to be non-cancellable and that the representation was made for the express purpose of persuading the plaintiff to consent to the exclusion, from the policy, of the disabilities above mentioned. Defendant contends that under any proper construction of the original policy it was cancellable in nature and that the representations made were true and were warranted by numerous Court decisions.

The language of the application, and of the policy, make it quite clear that plaintiff was a resident of the State of Washington at the time of the issuance of the policy and that the contract was formulated in that State. Consequently the law of Washington should apply. Lane v. Brotherhood of Locomotive Enginemen & Firemen, 157 Or. 667, 73 P.2d 1396; Sterrett v. Stoddard Lumber Co., 150 Or. 491, 46 P.2d 1023; Prudential Insurance Co. of America v. Winn, 71 F.2d 126 (9 Cir. 1934).

The relevant language of the policy, essential to a proper construction, in-

1. (Insuring Clause)
"Hereby Insures: WALTER GEORGE WEBER (Herein called the Insured) of City of SEATTLE, State of WASHINGTON, against loss of life, limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes, from bodily injuries sustained during any term of this policy, through purely Accidental Means (Suicide, sane or insane, is not covered), and against loss of time beginning while his policy is in force and caused by sickness contracted during any term of this policy, respectively, subject, however, to all the provisions and limitations hereinafter contained. * * *"

cludes the insurance clause above mentioned and the following provisions:

(1) "The consideration for this policy is the application therefor, a copy of which is attached hereto and made a part hereof, and the semi-annual premium of SIXTEEN AND 50/100 Dollars ($16.50) to be paid to the Association for the period ending December 23, 1943, and the further payment, and acceptance by the Association, of a like amount on December 23, 1943, and semi-annually thereafter during the continuance of this contract."

\* \* \* \* \* \*

(2) "After the first year's premium has been paid, each year's annual renewal premium paid in advance on this policy shall add ten per cent to the accidental death benefit until the same is doubled."

\* \* \* \* \* \*

(3) "(c) The term of this policy begins at 12 o'clock noon, Standard Time, at the place where the Insured resides, on date hereof against accident and on the thirty-first day thereafter against sickness and ends at 12 o'clock noon on date any renewal is due. No reduction in the benefits of this policy shall be made during the lifetime of the Insured on account of age except in Parts D and K which shall be reduced ten per cent when the Insured is or becomes fifty-six years of age, with further reduction of an equal amount effective with each additional attained year of age to and including age sixty."

(4) "(d) A grace period of thirty-one days will be granted for the payment of every renewal premium, during which period this policy shall remain in force, provided such payment is made within such grace period, and if any such renewal premium be unpaid at the office of the Association in Omaha, Nebraska, or to its duly authorized agent, on the expiration of the grace period, this policy shall thereupon automatically terminate. The Association operates on the full legal reserve basis and the contingent mutual liability hereunder shall not exceed one additional premium in the amount of the renewal premium stated herein, and the acceptance of any renewal premium shall be optional with the Association. No provision of the charter or by-laws of the Association not included herein shall avoid the policy or be used in any legal proceeding hereunder. \* \* \* "

The Oregon court takes judicial notice of the Washington law and the statement in Sterrett that the Washington law would be presumed to be the same as the common law or the Oregon statutory declaration thereof is no longer applicable. ORS 41.420, 41.430 and 41.440.

Plaintiff's belief in the soundness of his position is principally grounded on the decisions of the South Carolina, New Jersey and Montana Courts in Harwell v. Mutual Benefit Health & Accident Ass'n., 207 S.C. 150, 35 S.E.2d 160, 161 A.L.R. 183; Cohen v. Mutual Benefit Health & Accident Ass'n, 134 N.J.Eq. 499, 36 A.2d 288; and Holmstrom v. Mutual Benefit Health and Accident Association, 139 Mont. 426, 364 P.2d 1065. Attention is called to the fact that the decision in the Holmstrom case was made in 1961, long after the alleged misrepresentation in 1956. Nevertheless, the decision is worthy of consideration even though it could not form a basis for the alleged false representation.

In Harwell the policy provided, among other things:

"The acceptance of any renewal premium \* \* \* shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of the Association it may call for the difference as required."

This provision was located on page three of the policy and the Court emphasized that fact in holding the policy ambiguous and that the insurer could not refuse

the tender of renewal premiums. The Court held that the option provision was ambiguous in that it could be read to mean that the insurer could refuse premium renewals only in case the premium was found insufficient. In the final analysis, in this case, the Court held that the insurer used an excess of fine print, thus making the entire policy ambiguous and susceptible of a construction in favor of the insured. Two cases, Prescott v. Mutual Benefit Health & Accident Association, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525, and Mutual Benefit Health & Accident Ass'n v. Lyon, 95 F.2d 528, 532 (8 Cir. 1938) reversed on other grounds, 305 U.S. 484, 59 S.Ct. 297, 83 L.Ed. 303, presenting the opposite view, were analyzed and considered but the South Carolina Court was not impressed by the conclusions there reached and declined to follow such decisions. As I shall later indicate, those decisions, to me, are quite persuasive.

The Cohen case presented somewhat the same question as is here involved. In that case the policy recited that it was issued in consideration of the payment of a specific sum as the first payment and that payment of premiums in advance and acceptance by the Association was required to keep the policy in effect. The Court construed "acceptance" to mean "receipt" and that the insurer could not refuse the premium if it was properly tendered. This case is in direct conflict with the holding in Prescott v. Mutual Benefit Health & Accident Association, supra, and other cases which I believe are more convincing.

The policy in the Holmstrom case contained an option on the acceptance of premiums, identical with the language in Harwell, and also contained a "noncancellable endorsement" which in substance prohibited the company from cancelling the policy during any period for which the premium had been paid or during any time when the insured was disabled. There the Court was faced with a situation which required the use of a sympathetic treatment, in that, assured had paid premiums for 31

years believing that he had a non-cancellable policy. The Court found what it believed to be adequate reasons to hold that the option in the policy was ambiguous when read in the light of the "Boldly Printed" portion of the policy. It occurs to me that the Courts in these cases were governed by emotional libertism, rather than by sound legal logic.

It will be observed that none of the cases on which plaintiff relies touches what might be the Washington Law on the subject. The efforts of counsel and of the Court have failed to uncover a Washington case which is precisely in point.

Although the language of the policy in Perkins v. Associated Indemnity Corporation, 189 Wash. 8, 63 P.2d 499, is not literally the same as the language of the policy before me, the reasoning of the Washington Court in that case provides a definite guide to how this case would be decided if presented to that Court. The policy in Perkins contained a provision, among others, as follows: "This policy may be renewed * * * from term to term, with the consent of the Company, * * *." In that case, as in this, the policy allowed a five percent increase to the principal sum with each year's renewal until the increments amounted to fifty percent. The court did not comment on this particular provision, but in construing the policy as a whole, held that there was no absolute right of renewal and renewal had to be with the consent of the insurer. The holding of the Washington Court in that case is in line with what has been termed the majority rule. The court in Perkins cited with approval the case of Davis v. Mutual Benefit Health & Accident Ass'n., 168 Okl. 514, 34 P.2d 579. The policy in Davis contained a provision: "The acceptance of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of the Association, it may call for the difference as required." The court, in the Davis case, held that under an ordinary life insurance policy the company

does not have the right to reject timely payments of premiums, but that the very opposite was true where the policy involved was one of health and accident.

The views expressed by the Washington Court in Perkins are identical with those expressed by other courts in construing policies similar to, if not identical with, the policy here in question. The optional acceptance clause in Mutual Benefit Health & Accident Ass'n v. Cohen, 194 F.2d 232 (8 Cir. 1952) cert. den. 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362 was exactly the same as that construed in Lyon and Harwell. Additionally, that policy provided for annual increments to the death benefits. In an exceptionally able analysis, Judge Stone arrived at the conclusion that the two subjects were entirely consistent with each other and that neither one modified nor qualified the other. Furthermore, that even the inclusion of the both in the same sentence had no effect whatsoever on the meaning of either. The Lyon case, in direct conflict with the plaintiff's contentions, is carefully examined and approved by the Court.

In general, the same legal problem was before the Court in Prescott. There the language of the policy indicated that it was a "TEN YEAR INCREASING POLICY" and contained a provision for a yearly increase to the death benefits. In smaller print the policy indicated that the annual payments were subject to acceptance by the insurer. The Court found no difficulty in reconciling the two provisions and in holding that the insured did not have an absolute right of renewal.

A more recent case on the same subject adopting the rule announced in Lyon is Rabb v. Mutual Benefit Health & Accident Association, 98 Ga.App. 193, 105 S. E.2d 396. Among other cases in direct conflict with plaintiff's theory are Mutual Benefit Health & Accident Ass'n. v. Kennedy, 140 F.2d 24 (5 Cir. 1943); and Price v. Mutual Benefit Health and Accident Association, La., 114 So.2d 124 (1959).

After a review of the applicable law, I have arrived at the conclusion that the Supreme Court of Washington if faced with the exact problem would, in line with its decision in Perkins, follow the majority view as outlined in Lyon, Prescott, Rabb, Kennedy, Price, and 119 A.L.R. 550, as supplemented by 161 A. L.R. 193, and would hold that the defendant had the right to refuse to renew the policy in December, 1956 unless the plaintiff consented to the rider which eliminated from the coverage of the policy disability resulting from hernia, heart or circulatory trouble. We must keep in mind that there is no contention that the policy was in any way misrepresented to plaintiff at the time of issuance in 1943. Defendant had a right to represent to plaintiff in 1956 that the policy was cancellable. Such representation was nothing more than a correct statement of the law as I find it. Defendant's Motion for a Summary Judgment is allowed.