## 40188. NATIONWIDE MUTUAL INSURANCE COMPANY v. BARNES.

DECIDED OCTOBER 1, 1963—
REHEARING DENIED NOVEMBER 14, 1963.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Allgood & Childs, Thomas F. Allgood,* contra.

FRANKUM, Judge. The sole issue made by the assignment of error in this case is whether the award of damages and attorney's fees under the provisions of *Code Ann.* § 56-1206 was authorized. From a reading of the evidence it appears that there was no dispute that the defendant had issued a policy to the insured, which by its terms covered two of the insured's automobiles for the kind of loss in question; that the date the policy became effective was May 15, 1961, and the termination date was November 15, 1961; that the total premium charged for the six-month policy period was $42, of which $22 was paid at the time the policy was issued; that the balance of the premium had not been paid, and that the loss sued for occurred on August 4, 1961. The defendant's contention of nonliability rested solely on the ground that the coverage on the automobile involved had been canceled effective August 1, 1961, by notice mailed to the insured on July 21, 1961. The evidence introduced in support of this contention was testimony of an employee of the defendant as to the methods and procedures customarily followed in the defendant's office in mailing premium notice forms, past due notice forms, and notices of cancellation. However, no witness for the defendant testified from his own personal knowledge as to when the particular premium notice form or past due notice form containing advice to the insured as to the alleged cancellation on August 1, 1961, was mailed. A witness for the defendant did testify that methods

other than the forms referred to were sometimes used by the defendant's office to notify policyholders of the cancellation of policies, and that among these methods were letters which were sometimes written to policyholders. This witness testified: "Policy Number 351 was canceled by this letter dated July 21st. I imagine the letter was sent July 21st. It is dated that date. I can't tell you when it was put in the mail. The normal procedure says that it would have been in the mail." This testimony affirmatively showed that this witness did not personally know that this letter had been mailed. However, the plaintiff introduced a form letter on the company's letterhead dated July 21, 1961, which he testified he had received and which advised him that cancellation of the *policy* would be effective August 10, 1961, unless the balance of the premium due thereon were paid prior to that date. The jury was authorized to find that this was the notice referred to by the defendant's witnesses. The defendant contends that this letter carried the number of the declaration applicable to the insured's automobile other than the one involved in this case, and that notice as to cancellation of coverage on the automobile involved in this case had been sent on the forms above referred to. However, the agent who wrote the coverage testified that when coverage was provided for more than one automobile owned by the same insured, a declaration page for each automobile was filled out, each declaration page carrying a different number, but that the numbers of all declaration pages except one were stricken through and only one policy issued. The evidence showed that the two declaration pages covering the insured's two automobiles bore the numbers 61-351 and 61-352, and the jury was authorized to find from this evidence that the letter received by the insured notifying him of cancellation of the "policy" on August 10, 1961, and referring to "policy number: 61-000-351" related to coverage on both the insured's automobiles, and that this was the only notice of cancellation which was actually sent to him in compliance with the provisions of Item 10 of the insuring agreements contained in the policy. This item required that, in order for the company to effect cancellation of the policy, "written notice stating when not less than 10 days thereafter such cancellation

shall be effective" shall be mailed to the policyholder at the address stated in the policy. Under these circumstances the evidence authorized a finding that the cancellation of the policy pursuant to notice sent by the defendant was not effective until August 10, 1961, and not August 1, and thus authorized a verdict for the plaintiff in the principal amount sued for. The jury was also authorized to find that the defendant's refusal to pay was a frivolous and unfounded refusal to pay the loss sustained by the insured and covered by the terms of the contract, and thus to award damages and attorney's fees. *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220.

The evidence showed that the premiums paid by the insured were in excess of 50 percent of the premiums charged for the entire six-month policy period and were thus sufficient to have paid for coverage at least through August 15, 1961, three months from the effective date of the policy. There was no showing that the defendant had offered to return the unearned premium on a pro rata basis as provided in Item 10 of the insuring agreements or in accordance with the provisions of *Code Ann.* § 56-2430. The attorney for the plaintiff testified that, though he requested it several times, the company refused to furnish him evidence in substantiation of their claim that the policy had been canceled on August 1, and evidence that it had complied with the provisions of *Code Ann.* § 56-2430, respecting the mailing of notice of cancellation. While the return of the premium was not a condition precedent to cancellation of the policy, yet, we are of the opinion that the jury was authorized to take these facts into consideration in determining whether the defendant was guilty of bad faith in refusing to pay the claim. The issue as to bad faith on the part of the defendant in failing and refusing to pay the claim after demand by the plaintiff was for the jury to decide. The evidence amply authorized the verdict. *Aetna Life Ins. Co. v. Stewart*, 49 Ga. App. 786 (5) (176 SE 777); *Liberty Mutual Ins. Co. v. Atlantic C. L. R. Co.*, 66 Ga. App. 826, 834 (3) (19 SE2d 377); *American Cas. Co. v. Callaway*, 75 Ga. App. 799, 803 (2) (44 SE2d 400); *Guaranty Life Ins. Co. v. Brown*, 92 Ga. App. 847, 850 (90 SE2d 97).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*