40768.   ANDREWS et al. v. GEORGIA MUTUAL
INSURANCE COMPANY.

DECIDED JULY 16, 1964.

*McClure, Ramsay & Struble, Robert B. Struble,* for plaintiffs in error.

*R. Wilson Smith,* contra.

FRANKUM, Judge. 1. Chapter 56-24 of the present Insurance Code is applicable to all insurance policies. *Code Ann.* § 56-2402 provides: " 'Policy' means the written contract of or written agreement for or effecting insurance, and includes all clauses, riders, endorsements and papers attached or issued and delivered for attachment thereto and a part thereof." *Code Ann.* § 56-2419 provides: "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." " 'Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. *Code* § 56-815; *Golden v. National Life & Accident Insurance Co.,* 189 Ga. 79 (2), 87 (5 SE2d 198, 125 ALR 838). Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Insurance Co. v. Marshall,* 49 Ga. App. 287 (1) (175 SE 412). Where the meaning is plain and obvious, it should be treated as literally provided therein. *Daniel v. Jefferson Standard Life Insurance Co.,* 52 Ga. App. 620 (2) (184 SE 366).' *Genone v. Citizens Ins. Co. of N. J.,* 207 Ga. 83, 86 (1) (60 SE2d 125)." *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837, 838 (1) (114 SE2d 21). *Code Ann.* § 56-3201 provides in part: "No policy of fire insurance covering property located in Georgia shall be made, issued or delivered unless it conforms as to all provisions and the sequence thereof with a standard or uniform form prescribed by the [Insurance] Commissioner, . . ." The plaintiff concedes that the standard form of fire policy prescribed by the Insurance Commissioner contains the clause

quoted in the statement of facts, but contends that the provisions of the rider or endorsement attached to the policy sued upon with respect to the prohibition against other insurance is null and void and against public policy. We do not agree with this contention. The word "prohibit" means to "forbid by authority." 34 Words & Phrases 458, and cits. It would render meaningless the language contained in the standard policy to the effect that "other insurance may be prohibited by endorsement" to hold that such endorsement prohibiting other insurance could not carry with it the "authority" to enforce its provisions by providing for forfeiture of the policy for violations of such prohibition. The rider or endorsement which forms a part of the policy is not prohibited by law, is not in conflict with any provision required to be included in the policy, is unambiguous, and is a part of a binding contract between the parties to the policy. When the plaintiffs procured fire insurance from Cotton States Mutual Insurance Company in violation of the provisions of the policy sued upon, such action by the plaintiffs nullified and abrogated the policy in question.

2. The plaintiffs contend in count 2 of their petition that the defendant has retained the annual premiums paid by them to the defendant for the policy sued upon, and that therefore the defendant is estopped to assert that it is not liable to them because of the loss of the house covered by the policy. The plaintiffs' petition shows that the defendant did not of its own accord elect to cancel the policy in question, but that the policy was rendered void and ineffective, and the plaintiffs' right to hold the defendant liable for the loss was forfeited by the action of the plaintiffs in procuring additional insurance in violation of a provision of the policy sued upon. This fact distinguishes this case from *Genone v. Citizens Ins. Co. of N. J.*, 207 Ga. 83, supra, relied on by the plaintiffs in error in support of their contention that count 2 of the petition stated a cause of action. Assuming, however, that the situation involved in this case is a cancellation of the policy rather than a forfeiture, there is nothing in the provision of the standard policy relating to cancellation which renders a return of the premium a condition precedent to cancellation. The standard policy provides, with respect to can-

cellation, beginning with line 56 and through line 67 thereof, that the premium shall be refunded upon demand, whether the cancellation be by the insured or by the insurer. The petition fails to allege any demand for the return of the unearned premiums, and the defendant is not estopped to deny its liability on the policy because of any failure to refund the premiums.

The trial judge did not err in sustaining the general demurrer to the plaintiffs' petition.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*