44873.   ROSSVILLE FEDERAL SAVINGS & LOAN
ASSOCIATION v. INSURANCE COMPANY
OF NORTH AMERICA.

SUBMITTED NOVEMBER 5, 1969—DECIDED FEBRUARY 19, 1970—
REHEARING DENIED MARCH 18, 1970—

*Frank M. Gleason,* for appellant.

*Milligan, Hooper & Harris, Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Robert W. Patrick Jr., James H. Keaten,* for appellee.

QUILLIAN, Judge. 1. The defendant's general demurrer will be treated as a motion to dismiss under the Civil Practice Act of 1966. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281); *B-W Acceptance Corp. v. Callaway,* 224 Ga. 367 (162 SE2d 430); *Dean v. Gainesville Stone Co.,* 118 Ga. App. 142 (5) (162 SE2d 858); *Ghitter v. Edge,* 118 Ga. App. 750, 751 (165 SE2d 598). Under the Civil Practice Act, a motion to dismiss will lie for the failure of the pleading to state a claim upon which relief can be granted. *Code Ann.* § 81A-112 (Ga. L. 1966, pp. 609, 622;

1967, pp. 226, 231; 1968, pp. 1104, 1106). In such regard the rule is applicable that while the claim may be dismissed if clearly without merit, it should not be dismissed unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874). In this posture, we therefore consider the merits of the plaintiff's claim.

2. (a) The provision of the policy under which the plaintiff contends the defendant is liable reads as follows: "The underwriter will indemnify the insured against court costs and reasonable attorneys' fees incurred and paid by the insured in defending any suit or legal proceeding brought against the insured to enforce the insured's liability or alleged liability on account of any loss, claim or damage which, if established against the insured, would constitute a valid and collectible loss sustained by the insured under the terms of this bond. Such indemnity shall be in addition to the amount of this bond. In consideration of such indemnity, the insured shall promptly give notice to the underwriter of the institution of any such suit or legal proceeding, at the request of the underwriter shall furnish it with copies of all pleadings and other papers therein, and at the underwriter's election shall permit the underwriter to conduct the defense of such suit or legal proceeding, in the insured's name, through attorneys of the underwriter's own selection. In the event of such election by the underwriter, the insured shall give all reasonable information and assistance, other than pecuniary, which the underwriter shall deem necessary to the proper defense of such suit or legal proceeding."

Although reference is made to the *Rossville Fed. S. & L. Assn. v. Chase Manhattan Bank* decision in 223 Ga. 188 (154 SE2d 243), as being the pending suit alluded to in the petition, there is nothing to show that it is in fact the case to which the petition refers. Upon being requested to consider previous decisions of the Court of Appeals the Supreme Court held in *Salter v. Heys,* 207 Ga. 591, 596 (63 SE2d 376); "Physically we can take cognizance of these cases, but judicially we cannot take notice of them any more than the trial court could, in the absence

of judicial proof, take notice of the judgment in another case between the parties in the same court." See *Ga. Cas. &c. Co. v. Reville,* 95 Ga. App. 358, 362 (98 SE2d 210). Thus absent some more specific identification of the case referred to, we cannot consider the *Rossville Fed. S. & L. Assn.* case, supra, or any other case, in passing upon the allegations contained in the pleading.

(b) This policy, like all contracts of "adhesion" (6A Corbin on Contracts 484, § 1446; Walnut Creek Pipe Distributors, Inc. v. Gates Rubber Co. Sales Division, 228 Cal. App. 2d 810 (39 Cal. Rptr. 767)), in the event of ambiguity must be construed most strongly against the party preparing it and in favor of coverage. *Sovereign Camp W.O.W. v. Heflin,* 188 Ga. 234, 235 (3 SE2d 559); *North British &c. Ins. Co. v. Mercer,* 211 Ga. 161 (84 SE2d 570). However, where the meaning is plain and obvious, the contract should be construed according to its literal terms. *Travelers Indem. Co. v. Watson,* 111 Ga. App. 98, 102 (140 SE2d 505); *Hulsey v. Interstate Life &c. Co.,* 207 Ga. 167, 169 (60 SE2d 353). "Where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (1) (131 SE2d 834). See *Andrews v. Ga. Mut. Ins. Co.,* 110 Ga. App. 92 (137 SE2d 746); *W.O.W. Life Ins. Society v. Etheridge,* 223 Ga. 231, 235 (154 SE2d 369).

Here the contract provides for indemnity for expenses incurred "in defending any suit or legal proceeding brought against the insured to enforce the insured's liablity or alleged liability." This language is not ambiguous and clearly covers only those situations of a defensive nature, not an affirmative suit by the insured regardless of the purpose intended.

The claim sets out that the insured filed a suit seeking to set aside and annul the cancellation of a security deed and has incurred certain described expenses and will incur further expenses *in the prosecution of such action.* There is nothing to show or intimate that the insured has incurred any expenses in defending against a suit or legal proceeding.

"A [complaint] may be dismissed on motion if clearly without

any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." 2A Moore's Federal Practice, § 12.08, p. 2271. Federal cases have expounded the proposition that, despite the liberal construction given a pleading, unwarranted deductions of fact are not admitted. Id., § 12.08, p. 2269; Ryan v. Scoggin, 245 F2d 54; Camero v. Kostos, 253 FS 331.

To infer that there was a counterclaim or other action brought against the plaintiff would be to engage in speculation and conjecture. For, the specific allegations of the instant claim are limited by their very terms to recovery of expenses incurred in the prosecution of a suit to set aside the cancellation of a security deed. Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deducible or inferable from the explicit language of the pleading. The petition, insofar as it seeks expenses in the prosecution of a suit, reveals no grounds of recovery under the terms of the policy.

In so holding, we emphasize that this does not mean that there are no facts under which the plaintiff might recover. Merely, that under the specific facts of the claim the plaintiff could not recover and that in such circumstances, we will not infer or conjure up facts which might support a claim *unless* there is something to suggest that such facts exist. Here there are some additional facts which indicate the existence of a claim. The petition alleged that the defendant has paid only $1,152 on attorney's fees and expenses incurred to date in the sum of $4,771.90. Attached as an exhibit was a letter from an officer of the defendant insurance company which stated in part: "we are under no obligation to pay any legal fees other than those pertaining to the appellate work which we agreed to pay and have paid." Ordinarily, a partial payment on a disputed indebtedness does not, per se, admit liability. *Drew v. Willingham Sash &c. Co.*, 113 Ga. 605, 606 (38 SE2d 967); Camp v. U. S., 113 U. S. 648, 654 (5 SC 687, 28 LE 1081); Judkins v. Jamison, (Tex. Civ. App.), 83 S. W. 2d 793, 795; Christensen v. Duborg, 38 Nev. 404, 412 (150 P 306); P. & M. J. Bannon v. Jackson,

121 Tenn. 381, 398 (117 SW 504). However, this is a factual issue since the circumstances might have been such that the payment did amount to an admission which would be evidence of the defendant's liability. See *Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (2) (125 SE 773).

Furthermore, while a party may not admit liability, as a mere conclusion of law, where the facts positively show the absence of any liability (*Atlanta & Lowry Nat. Bank v. Maughon*, 35 Ga. App. 25 (131 SE 916); *Allstate Ins. Co. v. Walker*, 114 Ga. App. 732 (152 SE2d 895)), a party may admit the existence of facts which would give rise to liability. "The general rule is that proof of explicit voluntary admissions by the opposing party against his interest are prima facie evidence of the facts admitted." *Howard v. Hall*, 112 Ga. App. 247, 251 (145 SE2d 70). See *Atlantic C. L. R. Co. v. Strickland*, 87 Ga. App. 596 (7) (74 SE2d 897); *Faulkner v. Brown*, 92 Ga. App. 602, 603 (89 SE2d 583); *Henderson v. Henderson*, 94 Ga. App. 64, 72 (93 SE2d 822).

Since the claim should not be dismissed unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts that could be proved, the trial judge erred in dismissing the petition.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*