### 45250. BREWER v. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION.

DEEN, Judge. The comprehensive automobile policy was issued by the defendant to the plaintiff through a general insurance agent on April 23, 1963, and canceled on or before May 15, plaintiff receiving a notice from the general agent that it was canceled as of May 25 and another general agent notifying him that it was canceled as of June 8. A book debit was placed by the first agent against plaintiff's account on April 23 and the debit was canceled with a credit entry on May 25. The automobile was stolen on June 22. In view of these facts, since it appears that the insurer received no actual money payment from or on behalf of the plaintiff, it is not necessary to decide whether *Code Ann.* § 56-2430 makes the return of premium a condition precedent to cancellation by the insurer. See in this regard *Andrews v. Ga. Mut. Ins. Co.,* 110 Ga. App. 92 (137 SE2d 746); *Nationwide Mut. Ins. Co. v. Barnes,* 108 Ga. App. 643 (134 SE2d 552).

*The trial court did not err in granting summary judgment. Jordan, P. J., Hall, P. J., Eberhardt and Quillian, JJ., concur. Bell, C. J., Pannell, Whitman and Evans, JJ., dissent.*

SUBMITTED APRIL 13, 1970—DECIDED JUNE 25, 1970—
REHEARING DENIED JULY 24, 1970.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellee.

EVANS, Judge, dissenting. I dissent from the judgment affirming the trial court. The insured, Clarence Brewer, did not deal directly with insurance companies, but his dealings were with an insurance agency, Smith, Boley, Brown, Inc. The method of doing insurance business in Georgia is through agents of insurers who solicit, negotiate for, procure or make the contracts of insurance, directly or indirectly, between the insured and insurer. As such, the law creates the agency relationship and makes the local company the agent of the insurer. *Code Ann.* § 56-801b (Ga. L. 1960, pp. 289, 426); *Globe & Rutgers Fire Ins. Co. v. Walker,* 150 Ga. 163 (103 SE 407); *Travelers Ins. Co. v. Harrington,* 75 Ga. App. 759, 762 (44 SE2d 457). Payment of premiums to the agent or agency of the insurer is payment to the insurer since this is an act within the scope of the agent's authority. *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894 (123 SE2d 433); *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305 (126 SE2d 887); *Kennesaw &c. Ins. Co. v. Hendricks,* 108 Ga. App. 148 (132 SE2d 152). The stipulation of facts shows that by the cancellation of another policy the local agent credited Brewer's account with more than enough funds to pay for the policy of the appellee issued to him, if indeed this were necessary, since he had other insurance and a running account with the agency. On May 15, 1963, this local agency mailed to Clarence Brewer a Notice of Cancellation of the policy of General Accident, Fire & Life Assurance Corp., No. ACF-8994839, stating that such cancellation was to be effec-

tive May 25, 1963. Not until June 24, 1963, was there any refund to Clarence Brewer of the unearned insurance premiums that were paid by him or credited to his account. Thus, 39 days elapsed between the Notice of Cancellation and the refund of the premiums.

The insurance law of Georgia as to cancellation (*Code Ann.* § 56-2430; Ga. L. 1960, pp. 289, 671 (further amended in 1967 and 1968—Ga. L. 1967, p. 653; 1968, p. 1126, but the 1960 law controls here)) being in derogation of the common law as to contracts must be strictly construed. *Code* § 102-102 (9); *Flint River Steamboat Co. v. Foster,* 5 Ga. 194 (48 AD 248); *Austin Bros. Bridge Co. v. Whitmire,* 31 Ga. App. 560 (121 SE 345); *Rabb v. Mutual Benefit &c. Assn.,* 98 Ga. App. 193 (105 SE2d 396); *Nationwide Mut. Ins. Co. v. Barnes,* 108 Ga. App. 643 (134 SE2d 552); *Wall v. Youmans,* 223 Ga. 191, 192 (154 SE2d 191). It is noted that such law requires tender of the unearned premium with notice of cancellation, and if not, "shall be made within 15 days of notice." Clearly this law is written for the protection of the insured.

The policy of insurance in this case provides as follows respecting cancellation and premium return: "Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation." This language fully satisfied the former law. See *Genone v. Citizens Ins. Co. of New Jersey,* 207 Ga. 83, 88 (60 SE2d 125), but is not in accord with the new law as it existed at the time of the issuance of the policy in question and the attempted cancellation. In 1960 the General Assembly enacted the new Insurance Code (§ 56-2430; *Code Ann.* § 56-2430, supra), providing as to cancellation and refund of premium as follows: "Such notice (of cancellation) may or may not be accompanied by a tender of the unearned premium paid by the insured calculated on a pro rata basis. If such tender is not made simultaneously with such notice, it *shall* be made within 15 days of notice of cancellation, unless an audit or rate investigation is required, in which case tender shall be made as soon as practicable." (Emphasis supplied.)

It is axiomatic that a provision of an insurance policy which contravenes the public laws will be disregarded as void and the

applicable provision as required by law will be considered written in lieu thereof. See *Curtis v. Girard Fire &c. Ins. Co.,* 62 Ga. App. 28 (7 SE2d 433); s. c. 190 Ga. 854 (11 SE2d 3).

There are many precedents by the appellate courts under the former law allowing insurance companies to cancel a policy without simultaneously returning the unearned premium and some policies even provided, with apparent sanction of law, that the unearned premiums did not have to be returned at all "until demand." But now we must deal with the new law and give effect to it by considering the old law, the evil, and the remedy. *Code* § 102-102 (9); *Ryan v. Commissioners of Chatham County,* 203 Ga. 730 (2) (48 SE2d 86); *Wall v. Youmans,* 223 Ga. 191, supra. It is clear that the General Assembly in 1960 intended that a cancellation would not be effective without a tender of the unearned premium within 15 days of notice of cancellation, unless an audit or rate investigation be required, and, of course, none was required in this case. So, the insurer had until May 30, 1963, in which to return the unearned premium. Notice of cancellation must be strictly construed against the insurer, and therefore the policy in this case had not been canceled when the automobile was stolen on June 22, 1963. Attention is called to *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 600 (117 SE2d 239), where it was held: "Where an insurance company interposes the defense of cancellation of the policy, the company has the burden of proving strict compliance with the cancellation provisions. Employers Liability Assurance Corp. v. Maes, 235 F2d 918. Any ambiguities of the notice must be resolved in favor of the insured. *Chambers v. Washington Nat. Ins. Co.,* 66 Ga. App. 509 (17 SE2d 899)."

The insurer's agent did mail its check for a refund on June 24, 1963, two days after the automobile was stolen and 25 days after the law required it to return unearned premiums if it wished to cancel the policy. It is clear from the stipulation of facts here that the insured had no responsibility to see that the insurer received an actual money payment on behalf of the insured since he had a running account with the agency and had sufficient credits with them to pay for the policy. Further, the new Insurance Code § 56-2430, supra, makes it definite and certain that the return of the unearned premium is a condition precedent to cancellation by

the insurer although it need not be made simultaneously with the notice of cancellation, but it *shall* be made within 15 days of the notice.

Examination of the case of *Nationwide Mut. Ins. Co. v. Barnes,* 108 Ga. App. 643, supra, cited in the majority opinion, shows that the ruling of this court turned on other facts and circumstances and that the statement that "the return of the premium was not a condition precedent," found on page 645, amounts to dictum by this court. Attention is also called to the fact that Ga. L. 1960, pp. 289-671, was not mentioned in referring to *"Code Ann. § 56-2430,"* which is not an official part of our Code of 1933 but merely annotations thereof by a private publishing company. Yet the court also ruled: "We are of the opinion that the jury was authorized to take these facts into consideration in determining whether defendant was guilty of bad faith in refusing to pay the claim." This case is not controlling here in the rulings made therein.

The case of *Andrews v. Ga. Mut. Ins. Co.,* 110 Ga. App. 92 (137 SE2d 746), also cited, failed to make a ruling as to the language found in Ga. L. 1960, pp. 289-671, in regard to cancellation, and its ruling turns on the language in the policy in reference to a demand for refund, and is not authority for the ruling of the majority. The statute law of Georgia controls, and this court cannot disregard the language of the statute wherein the law as to the insurance contract in general was reformed and revised to provide the method of cancellation of policies in Chapter 56-24 of the New Insurance Code, requiring that upon cancellation "if such tender [unearned premiums] is not made simultaneously with such notice [cancellation] it shall be made within fifteen (15) days of notice." We are controlled by the law, and the two cases above, wherein this court appears to have ruled and interpreted this law, are not authority for the ruling here. Under the stipulation of facts appearing in the record, I would reverse the judgment granting the motion for summary judgment in favor of the insurer, against the insured.

I am authorized to state that Chief Judge Bell and Judges Pannell and Whitman concur in this dissent.