MUTUAL BEN. HEALTH & ACCIDENT ASS'N *v.* CAVER.

(Division B. March 5, 1934. Suggestion of Error Overruled April 16, 1934.)

[152 So. 897. No. 31096½.]

Watkins & Eager, of Jackson, for appellant.

556

**E. C. Sharp**, of Jackson, for appellee.

Argued orally by **W. H. Watkins, Jr.,** for appellant, and by **E. C. Sharp,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Caver brought suit on an accident and health insurance policy issued by the appellant, providing, among other

things, that: "If such injuries as described in the Insuring clause do not result in any of the above mentioned specific losses, but shall wholly and continuously disable the insured for one day or more, and so long as the insured lives and suffers loss of time, the Association will pay a monthly indemnity at the rate of one hundred fifty ($150) dollars."

The policy further provided for partial disability, paying therefor sixty dollars per month, and that no statements by the applicant for insurance not included therein should void the policy or be used in any legal proceeding, and provided that no change in the policy should be valid unless approved by an executive officer of the association endorsed on the policy. It was also provided in the policy that: "The copy of the application endorsed hereon is hereby made a part of this contract, and this policy is issued in consideration of the statements made by the insured in the application and the payment in advance of twenty-three dollars as first payment, and the payment in advance of premiums of thirteen dollars quarterly or fifty-two dollars annually thereafter beginning with September 1, 1929, is required to keep this policy in continuous effect. If any such dues be unpaid at the office of the association in Omaha, Nebraska, this policy shall terminate on the day such payment is due. The acceptance of any premium on this policy shall be optional with the association." It further provided that: "The term of this policy begins at twelve o'clock Noon, Standard Time, on date of delivery to and acceptance by the Insured against accident and on the 31st day thereafter against disease and ends at twelve o'clock Noon on date any renewal is due, unless premium is paid on or before date due."

The policy was issued and became effective in September, 1929, and quarterly premiums were paid thereon until July 1, 1932, when the insurance company refused to accept premiums offered by check on June 28th, for that quarter, since it desired to terminate the policy.

The policy had a rider attached reading as follows: "The association cannot cancel this policy during any period for which the policy has been paid." And: "When claim for permanent total disability of the insured, due to bodily injuries or sickness covered by this policy, has been filed and approved while this policy is in force, there will be no further premium payable, but the insured will draw benefits as provided in the policy."

Prior to July, 1932, Caver was injured, and filed claim for one hundred six dollars and some cents, which the insurance company declined to pay. In December, 1932, Caver was again injured, and for this latter injury this suit was filed. Suit was brought for the first injury in a justice of the peace court, resulting in a judgment for Caver in the amount claimed, and the insurance company. paid this judgment.

After the rider was attached to the policy, he wrote a letter to the insurance company, and he received a letter from some individual who had represented the company in some respect in some office in Memphis, Tennessee. Caver testified that he addressed a letter of inquiry to the insurance company in Memphis, and his letter was answered, but the letters were not copied in the record, and we have no means of knowing exactly what they contained. The attorney representing Caver offered to testify that Caver's letter of inquiry was answered by a person whose name is A. W. Huertz; that he had considerable dealings and conferences with this person covering several years, and that this person was in charge of the company's business in Mississippi; that he frequently visited in Jackson, Mississippi, and made adjustments of losses for and on behalf of the company.

The court excluded this testimony, and denied a peremptory instruction for the defendant, and submitted the case to the jury which found for the plaintiff, from which judgment this appeal is prosecuted.

It will be noted from the quoted clauses from the policy

that the insurance company reserved the right to decline to accept any premium on any premium date. The rider merely provides that the insurance policy could not be canceled for any period for which the premium was paid. Its language does not purport to compel the insurance company to receive premiums at the due date. It is not entirely inconsistent with the terms of the policy to give the insurance company the option to receive any premium. We do not know what interpretation was placed upon this rider by Huertz, nor what his authority was with regard to the company.

We have recently held, in the case of Travelers' Insurance Co. v. Dwight L. Price (Miss.), 152 So. 889, that after a policy has been delivered, our statute, section 5196, Code 1930, does not apply, that the common-law applies, and that the company can limit the powers of its agent after the delivery of the policy so as to permit no variation in the terms of the policy other than by adjusters.

It was, of course, the duty of the plaintiff, appellee here, to have the letter introduced in evidence, and also to show the authority of Huertz to act in the matter so as to bind the insurance company. Under the policy as written, without the interpretation placed upon it by the parties, we are bound to construe the provisions thereof so as to give effect to such provisions. This view requires a reversal of the judgment and a dismissal of the cause.

Reversed and dismissed.