CARL AXEL HOLMSTROM, Plaintiff and Respondent v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, a Nebraska Corporation, Defendant and Appellant.

No. 10221.

Submitted May 9, 1961. Decided September 18, 1961.

Rehearing Denied October 10, 1961.

364 P.2d 1065.

Toomey & Hughes, George T. Bennett, Helena, for appellant. George T. Bennett, argued orally.

Marchi, Vance & Leaphart, Helena, C. W. Leapheart, Jr., Helena, for respondent. C. W. Leapheart, Jr., argued orally.

MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

This is an appeal by the defendant, Mutual Benefit Health and Accident Association, hereinafter referred to as appellant, from a judgment of the first judicial district, Lewis and Clark County, the Honorable Victor H. Fall, Judge presiding, entered pursuant to an agreed stipulation of facts in favor of the plaintiff, Carl Axel Holmstrom, hereinafter referred to as the Insured, ordering the appellant to reinstate a health and accident policy issued to the Insured and further ordering said appellant to continue to insure the Insured so long as the annual premiums are timely made.

The agreed stipulation of facts is as follows:

The Mutual Benefit Health and Accident Association, a Nebraska corporation, qualified to transact health and accident insurance business in the State of Montana, first issued to Carl Axel Holmstrom, at all times a resident of the State of Montana, health and accident policy No. 36-50118, on September 23, 1926.

The policy was applied for and issued to the Insured in Meagher County, Montana. The Insured paid or tendered the required premium payments to the appellant insurer at all times from the date of issuance of the policy to November 1, 1957.

The annual premium payment for the year 1958, tendered by the Insured prior to November 1, 1957, was returned by the appellant together with a letter advising the Insured that it declined to renew the policy at the end of the current premium payment period, upon the ground that the policy was being terminated as a term insurance policy.

The contract of insurance in question contained the following provisions important to a determination of the questions raised by this cause, to-wit:

Attached to the policy and labeled ''Non-Cancellable En-

dorsement'', signed by the president and treasurer of the Company, is the following:

"The Association cannot cancel this policy during any period for which the premium has been paid.

"It is further understood and agreed that this policy cannot be cancelled by the Association during any period of disability of the Insured."

On page 4 of the policy under the heading "Additional Provisions" appears the following:

"The acceptance of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required.

"(d) The term of this policy begins at 12 o'clock noon, Standard Time, on date of issue against accident and on the thirty-first day after date of issue against disease and ends at 12:00 o'clock noon on date any renewal is due."

The question involved is whether the Insured, relying on the Non-Cancellable Endorsement quoted above can require the appellant to keep the policy in question in force as long as there is a tender of the annual premium as required by the policy, or whether the appellant relying on the portion of the contract entitled "Additional Provisions" quoted above, when read with other provisions of the policy, including the Non-Cancellable Endorsement has the right to decline to renew the policy at the end of any premium payment period and to refuse to accept the tendered premium for the next succeeding year.

All of the appellant's specifications of error revolve around the question of whether or not the language of the contract is ambiguous.

The full policy must be read to see whether or not any ambiguity exists, and whether if such ambiguity does exist if it is confusing and uncertain in its terms. Ambiguity does not exist just because a claimant says so. It can only exist

where the wording or phraseology of a contract is reasonably subject to two different interpretations. See Osterholm v. Boston & Montana Mining Co., 40 Mont. 508, 107 P. 499; Johnson v. Metropolitan Life Ins. Co., 107 Mont. 133, 83 P.2d 922; Scinski v. Great Northern Life Ins. Co., 110 Mont. 106, 99 P.2d 218.

The exterior face of this policy shows in large print Non-Prorating Business Men's Special Policy, along with the Insuring Clause. Part C of the Accident Clause begins at the bottom of page 1 and takes about one-third of page 2. Attached and covering page 2 is an endorsement in bold face type Non-Cancellable Endorsement previously referred to in the agreed stipulation of facts. Following the Accident Clause on page 2 is the Illness Clause which covers a portion of the page. Then follows the Standard Provisions Clause which completes page 2 and takes one small portion of page 3. Page 3 has Additional Provisions Clause and a copy of the application which runs through page 3 and page 4 and is incorporated as a part of the contract.

Paragraph C of the Additional Provisions Clause found on page 3, referred to in the stipulation of facts is as follows:

''(c)  The copy of the application indorsed hereon is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Forty-six ($46.00) Dollars the first year; and the payment in advance of premium of Thirty-six ($36.00) Dollars annually or Nine ($9.00) Dollars quarterly thereafter, beginning with January 1, 1927, is required *to keep this policy in continuous effect.* If any such dues be unpaid at the office of the Association in Omaha, Nebraska, this policy shall terminate on the day such payment is due. The mailing of notice to the Insured at least fifteen days prior to the date they are due shall constitute legal notice of dues.

''The acceptance of any premium on this policy shall be

optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required.''

While this question has never before been presented to this court, the appellant in his brief points out that other courts have had it before them on a number of occasions. Such cases disclose that the position of the appellant has been sustained in at least six different jurisdictions where the particular policy has been up for construction and the position of the Insured in only two. The jurisdictions holding for the appellant are as follows: Prescott v. Mutual Benefit Health & Accident Ass'n, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525; Mutual Benefit Health & Accident Ass'n, v. Caver, 169 Miss. 554, 152 So. 897; Smith v. Mutual Benefit Health & Accident Ass'n, D.C.Okl., 10 F.Supp. 110; Ray v. Mutual Benefit Health & Accident Ass'n, Mo.App., Springfield, 220 S.W.2d 622; Mutual Benefit Health & Accident Ass'n v. Cohen, 8 Cir., 194 F.2d 232; Mutual Benefit Health & Accident Ass'n v. Lyon, 8 Cir., 95 F.2d 528.

Those holding for the Insured are: Harwell v. Mutual Benefit Health & Accident Ass'n, 207 S.C. 150, 35 S.E.2d 160, 161 A.L.R. 183; DeLand v. Fidelity Health & Accident Mutual Ins. Co., 325 Mich. 9, 37 N.W.2d 693.

Although the weight of authority is with the view propounded by the appellant, this court is not bound to follow such authorities and where the case is of first import in this court, it should follow that view which it feels is best expressed in the law. In this instance we feel that view expressed by the minority is the better interpretation and construction of the language of this particular insurance contract. In re Murphy's Estate, 99 Mont. 114, 125, 43 P.2d 233.

██ The words of the policy are not conflicting unless such can be found in the appellant's claim that the above sentence found in the Additional Provisions Clause, ''The acceptance

of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required'' can be read into the fine print of the Non-Cancellable Endorsement. Such an interpretation by this court of the clause would make it a forfeiture clause and forfeitures in an insurance contract are disfavored by the law.

Against such construction the Insured could well contend that the above-quoted provision is in effect an annual renewal for it states ''should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required.''

In our judgment this sentence is not consistent with the more boldly printed portions of the policy previously noted. It is not only ambiguous but conflicting. Here the appellant insured a man of forty-three, and continued to take his premiums for said insurance for a period of thirty-one years during which time he had no reason to believe that he did not have a non-cancellable policy. The time has passed when responsible insurance companies can hide, in the fine print, escape clauses that will leave responsible citizens uninsured in their senior years.

The policy holder must be protected against conflicting, confusing and ambiguous statements in policies and whenever there are two constructions that can be placed upon a policy this court believes the better rule is to apply that construction most favorable to the policy holder. See Libby Lumber Co. v. Pacific States Fire Ins. Co., 79 Mont. 166, 255 P. 340, 60 A.L.R. 1; Park Saddle Horse Co. v. Royal Indemnity Co., 81 Mont. 99, 261 P. 880; Parke v. New York Life Ins. Co., 95 Mont. 503, 28 P. 2d 443; Schultz v. Benefit Ass'n of Ry. E. of Chicago, 175 S.C. 182, 178 S.E. 867; Harwell v. Mutual Benefit & Accident Assoc., 207 S.C. 150, 35 S.E.2d 160, 161 A.L.R. 183; De-

Land v. Fidelity Health & Accident Mutual Ins. Co., 325 Mich. 9, 37 N.W.2d 693.

Accordingly the judgment of the district court is affirmed. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and DOYLE concur.