**HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Plaintiff,**

v.

**William T. HODGES, Administrator of
the Estate of John Clyde Damon, De-
ceased, and Helen S. Sedlock, Defend-
ants.**

Civ. No. 2594.

United States District Court
D. Montana,
Great Falls Division.

Dec. 13, 1966.

Alexander, Kuenning & Hall, Great
Falls, Mont., for plaintiff.

Colgrove & Brown, Miles City, Mont.,
for defendants.

## OPINION

RUSSELL E. SMITH, District Judge.

This is an action for a declaratory
judgment defining plaintiff's (called
Hartford) liability under a garage liabil-
ity policy. From an agreed statement of
facts it appears that Harold Hageman
was an automobile dealer in Jordan, Mon-
tana. He had more used cars on hand
than he needed, a fact which became
known to J. H. Qunell, whose principal
business was operating a service station
in Great Falls but who wanted to sell a
few used cars on the side. Qunell called
upon Hageman and an agreement [1] was

---

1. "[On Pioneer Garage letterhead]
9–21–63

Consigned to J. H. Qunell the following cars and trucks for resale for which
I am to receive the following prices

| | | |
|---|---|---|
| 1961 Corvair Chevrolet | Ser. # 10735W172422 | $1000.00 |
| 1955 Chevrolet BelAir, 4Door | Ser. # C55F022050 | 275.00 |
| 1957 Chevrolet Pickup ½ Ton | Ser. # 3B57111007 | 500.00 |
| 1951 Chevrolet Pickup ¾ Ton | Ser. # 215RD4482 | 250.00 |

/s/ J. H. Qunell  
2100 5th Ave. So. West  
Great Falls, Montana  
452–7943 Phone (res.)

/s/ Harold R. Hageman  
Pioneer Garage  
Phone # 435–2870  
Jordan, Montana."

reached whereby Qunell received at Jordan, Montana, on consignment, two used cars and two used Pickups. Qunell, under the terms of the contract, was to sell the vehicles and remit the stipulated price to Hageman. The certificates of title to the cars, which had been endorsed in blank by Hageman's predecessor in title, remained in Hageman's possession.

Qunell had secured the services of John C. Damon to assist in returning the vehicles to Great Falls. Damon drove one Pickup and towed another. He had an accident involving Helen S. Sedlock. Damon was killed in the accident and Helen S. Sedlock sued the administrator of Damon's estate for the damages received by her.

At the time of the accident Hartford had in effect an insurance policy covering the cars owned by Hageman and driven by Damon. The pertinent provisions of the policy were:

"PERSONS INSURED

Each of the following is an insured under Section 1 [the liability section] except as provided below

(1) The named insured,

(2) * * *

(3) With Respect to the Automobile Hazard:

(a) any person while using, with the permission of the named insured, an automobile to which the insurance applies * * * provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

(b) any person while using an automobile to which the insurance applies * * * with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use

thereof is within the scope of such permission.

(c) * * *

None of the following is an insured:

(i) * * *

(ii) any person or organization * * * with respect to operations performed by independent contractors for the named insured;

(iii) * * *

(iv) * * *"

The sole question presented is whether Damon was excluded from coverage by the "independent contractor" provision of sub-paragraph (ii) supra.

In addition to the writing the evidence bearing on the independent contractor question appears from the stipulated testimony of Hageman and Qunell as follows:

HAGEMAN

" * * * I considered myself as owner until he sold them and paid me. At that time I did not know whether or not he was a licensed dealer. I did not tell him how to transport them and of course did not give any directions or instructions as to how they would get them back to Great Falls. I was busy and didn't even notice at that time exactly how he had the vehicles rigged up except I did notice that he was pulling the two pickups together, that is, the newer one towing the older one and using his own dolly under the front of the towed vehicle."

QUNELL

" * * * The deal was that he was to consign to me the 4 cars for resale. I was to bring them to Gt. Falls on my own * * *. Harold [Hageman] had no control over the cars after we left Jordan. I was in control of them * * *."

■ It is clear that Qunell did contract to do something for Hageman and

**616**

that in the doing of it he was in no wise controlled by Hageman. Under these circumstances Qunell was an independent contractor under the law of Montana which places the emphasis upon the right of control over the performance of the work.[2]

Defendants do not seriously contend that Hageman was not an independent contractor but rather that even if he was, his agent, Damon, was not excluded by the policy language. It is urged that the words *"any person* with permission" include Hageman and Damon, and that if the words "independent contractor" exclude them there is a conflict in the policy which on familiar grounds[3] must be resolved against the insurer. The court does not so view the policy. Immediately after the words "persons insured" the reader is warned by the words "Each of the following is an insured * * * except as provided below" that there are some exclusions from the list of defined insureds. When the reader reaches the words "None of the following is an insured" he should know that he has now reached the exclusions about which he has been warned.

Defendants assert that the words "any person * * * with respect to operations performed by independent contractors for the named insured" do not exclude Damon. The court is unable to follow this argument. If Qunell was an independent contractor, then a part of his operation was to get the cars to Great Falls, and Damon was a person engaged in that operation.

For the reasons stated, Damon was not covered by the policy. Counsel for Hartford is directed to prepare a judgment in accordance with Rule 11 of the Rules of this court.

2.   Greening v. Gazette Printing Co., 108 Mont. 158, 88 P.2d 862 (1939); Barovich v. City of Miles City, 135 Mont. 394, 340 P.2d 819 (1959); Kimball v. Industrial Accident Board, 138 Mont. 445, 357 P.2d 688 (1960).

3.   Holmstrom v. Mutual Benefit Health & Accident Ass'n, 139 Mont. 426, 364 P.2d 1065 (1961).