**Charles WALKER and Hartford Accident and Indemnity Company, Plaintiffs,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

Civ. No. 1424.

United States District Court
D. Montana,
Missoula Division.

June 2, 1967.

Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

Keller, Magnuson & Reynolds and Glen L. Drake, Helena, Mont., for defendant.

## OPINION and ORDER

RUSSELL E. SMITH, District Judge.

This action for a declaratory judgment was submitted on an agreed statement of facts from which it appears:

Charles Walker, who was insured by Hartford Accident and Indemnity Company (Hartford) owned a heel boom log loader. Richard Greil owned a truck which was insured by Fireman's Fund Insurance Company (Fireman's). The truck owned by Greil was driven by Lester J. Stewart who was injured as a result of the negligence (vicarious) of Walker who mismanaged the heel boom log loader while the truck was being loaded. Stewart, after recovering the workmen's compensation provided by his employer Greil, brought an action against Walker for the injuries suffered.

Which carrier is responsible for the loss?

It is tacitly conceded that if Fireman's is liable at all its liability is primary.[1] The Fireman's policy provided omnibus coverage to those using the insured vehicle with the permission of the named insured.[2] The word "use" embraces loading and unloading.[3] The real controversy arises out of the exclusion

---

1. Cf. Johnson, Drake & Piper, Inc., v. Liberty Mutual Insurance Co., D.Minn., 1966, 258 F.Supp. 603.

2. "The unqualified word 'insured' includes the named insured * * * and * * * any person while using an owned automobile * * * provided the actual use of the automobile is by the named insured or with his permission * * *."

3. "(e) Use. Use of an automobile includes the loading and unloading thereof."

clauses.[4] It is to be noted that the policy contains a severability clause.[5]

Defendant urges that when the definition of the word "insured" is applied to the exclusion clauses there is no coverage provided since Stewart was an employee of Greil, the named insured. Plaintiff asserts that the word "insured" as used in the exclusion clause is limited to the person claiming the benefit of the insurance—in this case Walker, the omnibus insured.

Had no court considered this problem, and were this a case of first impression, I would be persuaded to adopt the defendant's position and hold that the language of the policy is not ambiguous; that the unqualified use of the word "insured" in the exclusion clauses includes both the named insured and the omnibus insured and their respective employees. Here, however, I must determine what path the Montana Supreme Court would take in light of all that has been written by many courts.

Nothing is to be gained by reviewing the authorities.[6] It is sufficient to note that there is an irreconcilable conflict which has existed for many years and which has been widely advertised in the insurance community.[7] It was thought by some,[8] but certainly not all,[9] that the purpose of the severability clause which was added to the standard policy in 1955 was to resolve the conflict by limiting the meaning of the word "insured" in the exclusion clause to the person claiming the coverage.

■ I suppose that a writing is ambiguous when different persons looking at it in the light of its purpose cannot agree upon its meaning. The history of these insurance clauses in the courts convinces me that they are ambiguous; they are susceptible of two interpretations. The real fact of this diversity of opinion between courts and within courts overcomes the conclusion that I would reach were I left alone with nothing but words of the policy to consider. This demonstrable difference of opinion, I believe, would be persuasive with the Supreme Court of Montana as it was with the Supreme Court of Oregon.[10]

■ Since these clauses are ambiguous—are susceptible of two meanings—that meaning which is favorable

---

4. "This policy does not apply: * * * (e) under coverages A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
"(f) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured; * * *."

5. "Severability of Interests. The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

6. The cases are collected in 50 A.L.R.2d, page 78, and in the A.L.R. Later Case Service, Vol. 5, page 78.

7. See Brown and Risjord; Loading & Unloading: The Conflict Between Fortuitous Adversaries, 29 Insurance Counsel Journal, 197 (April 1962) and the references to publications contained in footnote 21 therein.

8. Shelby Mutual Insurance Co. v. Schuitema, 183 So.2d 571 (Fla.App., 1966).

9. Hanover Ins. Co., etc. v. Travelers Indemnity Co., 8 Cir.1963, 318 F.2d 306; Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960).

10. Cimarron Insurance Co. v. Travelers Insurance Co., 224 Ore. 57, 355 P.2d 742 (1960).

to the insured [11] should be adopted under the law of Montana.[12]

This opinion, together with the agreed statement, constitutes the findings of fact and conclusions of law in this matter.

Plaintiff is directed to prepare a judgment in accordance with Rule 11(d) of the Rules of this Court.

---

11. Here the insured Walker is not concerned because his comprehensive policy with Hartford would cover the loss, but the effect of this decision is to increase Walker's coverage and to extend protection to those in Walker's position who are not otherwise covered. For that rea-

son the interpretation here reached does favor the insured.

12. Park Saddle Horse Co. v. Royal Indemnity Co., 81 Mont. 99, 261 P. 880 (1927); Holmstrom v. Mutual Benefit Health & Accident Assoc., 139 Mont. 426, 364 P.2d 1065 (1961).