No. 13776

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

ALPHA REAL ESTATE DEVELOPMENT, INC.,

Plaintiff and Appellant,

-vs-

AETNA LIFE & CASUALTY COMPANY,

Defendant and Respondent.

Appeal from:   District Court of the Fourth Judicial
                District,
                Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Jordan, Sullivan and Baldassin, Missoula, Montana
Lee Jordan argued, Missoula, Montana

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana
Gary Graham argued, Missoula, Montana

Submitted:  September 22, 1977

Decided:  OCT 24 1977

Filed:  OCT 24 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an appeal from an order of the district court, Missoula County, granting summary judgment to defendant.

Plaintiff Alpha Real Estate Development, Inc. (Alpha) brought an action against its insurance carrier, Aetna Life and Casualty Company (Aetna) to recover on a certain insurance policy for the theft of a commercial carpet cleaner. Aetna moved for summary judgment on the ground the policy expressly excluded coverage for theft of such equipment. By its order of February 3, 1977, the district court granted Aetna's motion. Alpha appeals.

A commercial carpet cleaner valued at $1400 to $1500, owned and utilized by Alpha in the maintenance of its apartment building, was stolen on or about June 7, 1975. The carpet cleaner was used exclusively to clean and maintain the hallway carpet in the apartment building. At that time, Alpha was covered by a property insurance policy issued by Aetna.

Following the loss, Alpha submitted a claim to Aetna for reimbursement due to the loss of the carpet cleaner. The claim was denied on the ground the cleaner was not an "integral part of a building or structure" covered by the policy, and as such, was expressly excluded from theft coverage by the terms of the policy. The pertinent portion of the policy, Form MLB-101, provided:

"I. INSURING AGREEMENT

"This policy insures against all risks of direct physical loss to Coverage A - Building(s), subject to the provisions and stipulations herein and in the policy of which this form is made a part.

- 2 -

"II. PROPERTY COVERED

"COVERAGE A - BUILDING(S):

"When the insurance under this policy covers buildings, such insurance shall also cover all additions and extensions attached thereto; all fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of the building; materials and supplies intended for use in construction, alteration or repair of the buildings, yard fixtures; personal property of the insured as landlord used for the maintenance or service of the described buildings * * *.

"* * *

"VI. EXCLUSIONS

"This policy does not insure under this form against:

"* * *

"D.  Loss caused by:

"* * *

"5.  theft (including but not limited to burglary and robbery) of any property which at the time of loss is not an integral part of a building or structure * * *."

At the hearing on the motion for summary judgment, Aetna argued the carpet cleaner was not an "integral part of a building or structure" such that its theft was expressly excluded by Clause VI, D., 5 of Aetna's Form MLB-101.  The district court granted summary judgment for defendant Aetna.

Thus, the determinative inquiry is whether the district court was correct in granting summary judgment to defendant on the basis of the language of the insuring agreement.

Alpha's position is that the carpet cleaning machine was an "integral part" of the structure of the insured apartment building, and is expressly covered under the general provision, Clause II. PROPERTY COVERED as "personal property of the insured

- 3 -

as landlord used for the maintenance or service of the described buildings". The policy, it is contended, is ambiguous in its terms as, on the one hand, it provides for wide coverage, including fixtures and nonfixture maintenance equipment, but on the other hand negates such coverage in the case of the loss of such items due to theft. When a contract is thus ambiguous, the ambiguity should be resolved in the insured's favor.

Aetna's argument refutes the positions taken by Alpha and asserts, in essence, that the contract is plain and clear upon its face in excluding nonintegral items of personal property, such as a commercial carpet cleaner, from theft coverage. An "integral part" it is maintained, is something akin to a fixture, such as a heating device, a door, a water pump, etc. There being nothing for the court to construe, the district court was correct in granting summary judgment.

We do not cite, nor have we been able to find, any case authority which precisely defines the term "integral part" in the context of the dilemma presented by this case. The insurance contract itself nowhere defines the term. The situation is further clouded by the fact the clause of general coverage refers to "fixtures" and various items of personalty, such as construction, service, and maintenance equipment. The sole reference to the phrase "integral part" appears in the exclusionary clause. The general and exclusionary clauses, read together, yield a contractual ambiguity necessitating judicial construction. Indeed, the district court appears to have recognized the ambiguity engendered by the contractual language in its order granting summary judgment.

- 4 -

Therefore our discussion starts with the proposition the contract in question contains a patent ambiguity. We focus on the language of the exclusionary clause in the light of the general provisions. In Terry v. National Farmers Union Life Ins. Co., 138 Mont. 333, 356 P.2d 975 (1960), the Court stated:

> "We keep in mind that in construing an exclusion policy, in case of uncertainty, every doubt should be resolved in favor of the insured, and the policy should be construed strictly against the insurer company. * * * Otherwise stated a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. * * *"
> 138 Mont. 339.

See also: Johnson v. Equitable Insurance Co., 142 Mont. 128, 381 P.2d 778 (1963); Holmstrom v. Mutual Benefit Health & Accident Ass'n., 139 Mont. 426, 364 P.2d 1065 (1961).

Further, it is uncontroverted that in construction of a contract a particular clause of a contract is subordinate to the general intent of the contract. Section 13-716, R.C.M. 1947. For a general discussion of this rule see: 17A C.J.S. Contracts, §§ 294(b), 295(f).

Both of the rules find applicability here. The conclusion to be drawn from a reading of the general provision is that service and maintenance equipment, including an item such as a commercial carpet cleaner, is to be grouped together with fixtures and the buildings themselves for purposes of coverage. We find such language governs the interpretation and defines the parameters of the term "integral part" in the exclusionary clause. Hence, the carpet cleaner was covered as an "integral part" of the apartment building. To ratify defendant Aetna's position would be to limit theft coverage to items virtually incapable of being stolen.

This Court in the case of St. Paul Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 187, 433 P.2d 795, adopted the test for interpreting this contract:

> "* * * Again, looking to the Kansas rule which we have adopted, we find that, 'the test is not what the insurer intended the words of the policy to mean but what a reasonable person in the position of an insured would understand them to mean.'"

If an insurer desires to limit its coverage in certain areas, it should employ language clearly and precisely outlining such restrictions. Johnson v. Equitable Insurance Co., supra.

The order granting summary judgment is reversed and the cause is remanded for proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justice.

- 6 -

Mr. Justice Frank I. Haswell, dissenting:

I would affirm the district court judgment.

The theme of the majority opinion is that the insurance policy is ambiguous and doubts concerning its meaning must be resolved in favor of the insured. In my view the policy coverage is unambiguous, clear and certain leaving no room for judicial construction of its terms.

The policy contains a specific exclusion for theft. The operative language of this exclusion reads:

> "EXCLUSIONS. This policy does not insure * * * against * * * loss caused by * * *theft * * * of any property which * * * is not an integral part of a building or structure * * *."

As I see it, a carpet cleaner simply cannot be considered a part of a building or structure without doing violence to the plain meaning of the English language. The descriptive adjective "integral" further expands the exclusion, but in no sense transforms a carpet cleaner into an "integral part of a building or structure". In common usage, the language cannot be tortured to achieve such meaning in my opinion.

Nor can an ambiguity be created by reading together the general coverage clause and the specific exclusion in my judgment. As in all insurance policies excluding certain perils, the general coverage clause is stated in broad terms and the exclusionary clause specifically excludes those perils for which insurance is not purchased. Thus the insurance policy here is neither internally inconsistent nor ambiguous in its terms, and there is no basis in law for interpreting the contract against the insurer.

This Court cannot rewrite a new policy under the guise of judicial construction contrary to that expressed in the policy agreed upon and purchased by the insured. Johnson v. Metropolitan Life Insurance Co., 107 Mont. 133, 83 P.2d 922

For these reasons, I respectfully dissent.

_____
Justice.

. . . . . . .

Mr. Justice Daniel J. Shea dissenting:

I agree with the foregoing dissent of Mr. Justice Frank I. Haswell.

_____
Justice.