NO. 81-221

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

AETNA INSURANCE COMPANY,

Plaintiff and Appellant,

vs.

EARL CAMERON d/b/a CAMERON TRUCK REPAIR
and SUHR TRANSPORT and GENE LENZ, d/b/a
GENE LENZ CONSTRUCTION,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead.
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Warden, Christiansen & Johnson, Kalispell, Montana

For Respondents:

Murray, Kaufman, Vidal and Gordon, Kalispell, Montana
E. Eugene Atherton, Kalispell, Montana

---

Submitted on briefs: July 9, 1981

Decided: September 15, 1981

Filed: SEP 1 5 1981

*Thomas J. Kearney*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Plaintiff, Aetna Insurance Company (Aetna), appeals from an order and judgment of the District Court which denied its motion for summary judgment and granted summary judgment to the respondents. In its complaint Aetna asked for a declaratory judgment construing a cargo insurance policy issued to the respondent Earl Cameron, a self-employed hauler of heavy equipment. The policy insured goods hauled by Cameron against "direct physical loss or damage caused by: . . . 5. Accidental collision of carrying conveyance with any other vehicle or object" but excluded coverage for:

> ". . . j. Loss or damage caused by the vehicle coming in contact with any portion of the roadbed, curbing, rails or ties of railways;

> "k. Loss or damage caused directly or indirectly by the load or any portion thereof or tarpaulin covering thereon coming into contact with any other object unless the carrying vehicle also collides with such object . . ."

On November 2, 1979, Cameron was hauling a forklift owned by respondent Gene Lenz from Kalispell, Montana, to Columbia Falls, Montana. Before reaching its destination, the forklift mast struck a railroad overpass causing extensive damage to the forklift. The collision between the forklift and the overpass caused the trailer to swerve and strike the overpass supports.

The issue raised by this appeal is whether the damage resulted from a peril insured against under the policy. There are no disputed genuine issues of material fact.

Aetna contends the damage was not covered for three reasons. First, the primary coverage required at least two occurrences in the proper sequence before coverage existed: (1) the carrying conveyance or trailer must initially collide

with an object, and (2) the collision between the trailer and object must directly cause the physical damage or loss to the cargo. A collision between the cargo and a foreign object which is the direct cause of the damage is not, argues appellant, within the insured peril. Second, the overpass formed part of the railway roadbed, therefore, exclusion (j) of the policy precludes coverage. Lastly, the accident was covered by exclusion (k). Appellant contends that the conveying vehicle did not collide with the same object as did the cargo thus making exclusion (k) operative.

The respondents contend ambiguity exists requiring judicial construction of the policy. Respondents rely upon ambiguity being construed against the insurance carrier.

We hold that the general risk provision and exclusion (k), are ambiguous when read together. The insured is entitled to a favorable construction. Under the facts of this case, a reasonable interpretation of the policy provisions supports the judgment of the District Court.

Aetna has cited numerous cases arising from cargo collisions where the courts have found no ambiguity, and have held that the plain meaning of the terms and definitions denied coverage for cargo collisions. Hamilton Trucking Service, Inc. v. Automobile Ins. Co. (1951), 39 Wash.2d 688, 237 P.2d 781; Mendelsohn v. Automobile Ins. Co. (1935), 290 Mass. 228, 195 N.E. 104; Trinity Universal Ins. Co. v. Robert P. Stapp Inc. (1963), 278 Ala. 209, 177 S.2d 102; Wolverine Insurance Company v. Jack Jordan Inc. (1957), 213 Ga. 299, 99 S.E.2d 95.

Contrary authority exists supporting liberal construction of similar cargo risk provisions. C & J Commercial Driveway, Inc. v. Fidelity & Guaranty Fire Corp. (1932), 258 Mich. 624, 242 N.W. 789; Gould Morris Electric Co. v. Atlantic Fire

Ins. Co. (1948), 229 N.C. 518, 50 S.E.2d 295; Jorgenson
v. Girard Fire & Marine Ins. Co. (1949), 229 Minn. 48, 38
N.W.2d 209. The cases cited are not controlling under the
facts of this case. None of the cases cited involved an
exclusionary provision relating to cargo collisions as we
have here.

Contracts of insurance are interpreted in light of all
relevant provisions. Alpha Real Estate Dev. v. Aetna Life &
Cas. Co. (1977), 174 Mont. 301, 570 P.2d 585. Here the
general risk provision provided coverage for cargo loss
caused by collision of the carrying conveyance with an
object but the exclusion only denies coverage in those in-
stances where cargo is damaged but the conveying vehicle is
not in collision. The construction urged by Aetna would
require singular focus on the general risk provision and
little or no consideration of the meaning and effect of
exclusion (k), the only specific policy reference to cargo
collision. The ambiguity here evident must be resolved
against the contract's author.

It appears that coverage was intended if the conveying
vehicle struck "such object". Here the conveying vehicle
struck a portion of the overpass structure thus satisfying
policy provisions for coverage.

Aetna argues that the overpass was a part of the
railway roadbed and thereby excluded by subsection (j).
Exclusions and words of limitation must be strictly construed
against the insurer. Northwestern Nat. Cas. Co. v. Phalen
(1979), ___Mont.___, 597 P.2d 720, 36 St.Rep. 1115. An over-
pass is not commonly understood to be roadbed; subsection
(j) does not therefore exclude coverage.

The judgment of the District Court is affirmed.

_____
Justice

-4-

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_Fred J. Weber_
Justices