JUSTICE LEAPHART,
dissenting.
I concur in the Court’s resolution of issue number two and dissent on issue number one.
Resolution of the question of whether the language of the policy excludes Stutzman from recovering underinsurance hinges upon an interpretation of the following exclusionary language in the policy’s definition of an underinsured motor vehicle:
But underinsured motor vehicle does not include any motor vehicle: ... (3) owned by or furnished for the regular use of the named insured or any relative ....
The Court holds that the term “relative,” when construed in its ordinary sense by an average consumer, is not ambiguous and that it clearly encompasses the spousal relationship. Thus, since the vehicle involved was owned by a “relative,” Stutzman’s husband, the Court concludes that the vehicle was not an “underinsured motor vehicle” within the terms of the policy.
I disagree. Although no expert in the theory of relativity, I am of the opinion that ambiguity exists as to whether the term “relative” denotes consanguinity only or whether it also includes relationship by affinity. I daresay that I am not alone in my understanding that a spouse is not a “relative.” I note that A Dictionary of Modern Legal Usage (2nd ed. 1995), defines “relative” as “a person who is kin.” Kindred is then defined as “relationship by consanguinity.” Black’s Law Dictionary (6th ed. 1990), defines “relative” as follows: ‘When used generically, includes persons connected by ties of affinity as well as consanguinity, and, when used with a restrictive meaning, refers to those only who are connected by blood.”
We have held that we will strictly construe exclusionary language against the insurer. See Aetna Ins. Co. v. Cameron (1981), 194 Mont. 219, 221-22, 633 P.2d 1212, 1214. Likewise, an ambiguity contained in an insurance policy will be strictly construed against the insurer. Leibrand v. Nat. Farmers Union (1995), 272 Mont. 1, 6, 898P.2d 1220, *383 1223. Accordingly, we should employ the restrictive meaning (consanguinity only) rather than the more liberal or generic meaning. I would resolve the ambiguity in favor of Stutzman and hold that her spouse is not a “relative.” Thus, the spouse’s ownership of the vehicle does not disqualify the vehicle as an underinsured motor vehicle.
The exclusionary language not only excludes vehicles owned by a “relative” but also vehicles owned by “the named insured.” Safeco argues that Stutzman’s husband, who owns the vehicle, is not only a relative, but also a named insured under the policy. Although both he and appellant are “named insureds” under the policy, the exclusionary language in question refers to “the” named insured. In the context of a claim for underinsurance benefits, “the named insured” logically refers to “the” named insured making the claim for benefits, i.e., the appellant Stutzman. The reference to “the named insured” does not reference a person, such as Stutzman’s husband, who, although named as an insured in the policy, is not making a claim for benefits. The husband’s ownership of the vehicle does not come within either prong of the exclusionary provision. I would reverse the decision of the District Court and hold that Stutzman is entitled to recover underinsurance benefits.
JUSTICE HUNT joins in the foregoing dissent of JUSTICE LEAPHART.